REQUESTED BY: Thomas P. McNally, Harlan County Attorney
1. May a county sheriff receive compensation pursuant to a contract between the county and the United States Army Corps of Engineers to provide extra police protection for the Harlan County Reservoir?
2. If such compensation is prohibited, is the sheriff required to refund the `illegal' payments of Harlan County?
1. No.
2. Yes.
In your recent request for our opinion you state that Harlan County and the United States Army Corps of Engineers are in the second year of a contract wherein Harlan County provides extra police protection to the Harlan County Reservoir, for which the Corps pays Harlan County $30,000 per year. The money is to be used to hire an extra deputy to provide the enhanced coverage, pay for an extra patrol car and the equipment necessary to equip the extra man and patrol vehicle. You further state that this money is also used to pay the Sheriff of Harlan County an extra stipend of an unknown amount of money per month which apparently doubles his salary during the period of the contract which is from Memorial Day to Labor Day. Your letter further indicates that the County Board has authorized the extra money on the theory that the sheriff's duties and responsibilities have been enlarged by the contract with the Corps.
Section 23-146, R.R.S. 1943, provides that no county officer shall in any manner be directly or indirectly pecuniarily interested in, or receive the benefit of, any contracts executed by the county for the furnishing of supplies or any other purpose when the consideration of the same is in the amount in excess of $5,000 in any one year. The contract between Harlan County and the United States Corps of Engineers is in the amount of $30,000 per year and therefore is within the purview of this statute.
In the fact situation which you have brought to our attention, the county sheriff who is a county officer, has obviously received the benefit of a contract executed by the county for the purpose of providing extra police protection at the Harlan County Reservoir during the stated period. The payments received by the County Sheriff pursuant to this contract are therefore prohibited by section 23-146.
We will not treat here another aspect of your question, that is, whether these payments are an increase in salary in violation of Article III, section 19 of the Nebraska Constitution, since receipt of these payments is statutorily prohibited regardless of whether or not they represent an increase in salary.
Section 23-146 further declares that all contracts or agreements in violation of the limitations as provided therein are unlawful and wholly void as an obligation of the county. It therefore follows that the payments made by the county board to the county sheriff are void and those payments received by the county sheriff must be repaid to the county.